IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANGEL MENSER,
Plaintiff,

v.

Case No. 19–CV–00091–JPG–GCS

ANDREW M. SAUL,
Commissioner of Social Security,
Defendant.

**MEMORANDUM & ORDER**

**I.     INTRODUCTION**

This is an appeal of the Social Security Administration's denial of Plaintiff Angel Menser's application for disability insurance benefits and Social Security Income. Before the Court is Plaintiff's Brief, filed August 5, 2019. (ECF No. 16). The Commissioner of Social Security responded on November 7. (ECF No. 22). For the reasons below, the Court **AFFIRMS** the Social Security Administration's decision.

**II.    PROCEDURAL & FACTUAL HISTORY**

Plaintiff applied for disability insurance benefits and Social Security Income with the Social Security Commission in 2014. An administrative law judge ("ALJ") denied her application. Plaintiff appealed, and the Appeals Council remanded for further proceedings.

The ALJ conducted a new hearing and applied the five-step sequential evaluation used to determine whether an applicant is disabled, see 20 C.F.R. § 404.1520(a), concluding that Plaintiff is not disabled under the Social Security Act, (SSA Decision 2, ECF No. 12–2). At Step 1, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date in July 2012. (Id. at 4). And at Step 2, the ALJ evaluated Plaintiff's conditions and concluded that she was suffering from severe impairments: "alcohol dependence, posttraumatic stress

disorder, depressive disorder not otherwise specified, generalized anxiety disorder, bipolar disorder, and a history of anorexia and bulimia." (Id.).

At Step 3, the ALJ determined that if Plaintiff stopped the substance abuse, then she would not have an impairment or a combination of impairments that would render her presumptively disabled. (Id. at 11). The ALJ considered Plaintiff's reports "that during times when she is functional, she can shower, cook, clean, do laundry, garden, and run errands." (Id. at 12). That said, the ALJ noted that Plaintiff needed reminders to complete these tasks and could only drive a car "when her anxiety is under control." (Id.). The ALJ therefore found that if Plaintiff were to stop the substance abuse, then she would have "a moderate limitation" in adapting or managing herself. (Id.).

In evaluating Plaintiff's residual functional capacity ("RFC") at Step 4, the ALJ determined that Plaintiff could "perform a full range of work at all exertional levels," with some non-exertional limitations. (Id. at 13). The ALJ found that Plaintiff has "moderate limitations in concentration, persistence, and pace" and "can tolerate occasional contact with others." (Id.). The ALJ noted that Plaintiff—during times of sobriety—lived with and got along with her fiancé and children; studied at Southern Illinois University; walked, read, did arts and crafts, and spent time with friends; was compliant with treatment; and consistently attended counseling. (Id. at 16). To support this finding, the ALJ gave "some weight" to the opinion of Plaintiff's roommate "to the extent that it shows moderate limitations." (Id.). Her roommate stated that Plaintiff "has good days and bad days with her depression," sometimes needing reminders to groom herself but generally can cook, clean, drive, shop, do arts and crafts, and interact with others. (Id.). The ALJ also gave "great weight" to the opinions of the State agency medical consultants, who found that Plaintiff is "able to control her [anxiety, posttraumatic stress, and depression] and remain functional during her sobriety with

no more than moderate social and mental limitations." (Id.). Taken as a whole, the ALJ concluded that Plaintiff would not be disabled under the Social Security Act if she stopped the substance abuse.

Finally, the ALJ considered testimony from a vocational expert ("VE") to determine which jobs Plaintiff could perform, if any. The ALJ first asked the VE to consider a hypothetical individual with the following RFC:

> For the first hypothetical, please assume an individual of the claimant's age, education and work experience who has the following residual functional capacity. For this first hypothetical, assume that the individual would be able to perform work at all exertional levels, and would be able to understand, remember and carry out routine repetitive tasks, could maintain concentration, persistence and pace for such tasks due to moderate limitation in concentration, persistence and pace, and could tolerate occasional contact with others.

(Tr. 26–27, ECF No. 12–2). The VE testified that a claimant with those limitations could work as an inspector, sorter, or stock checker. (Id. at 27).

The ALJ then asked the VE to also "assume that the individual would require unscheduled absences and unscheduled breaks at will on an unpredictable basis, and could not tolerate eight hours a day, five days a week." (Id. at 28). The VE testified that there or no jobs that a claimant with those added limitations could perform. (Id. at 28–29).

Based on the VE's testimony, the ALJ concluded that Plaintiff can perform "a significant number of jobs in the national economy" and denied Plaintiff's application for disability insurance benefits and Social Security Income. (SSA Decision 19). The Appeals Council denied review, and the ALJ's decision became the final decision of the Commissioner of Social Security. See Liskowitz v. Astrue, 559 F.3d 736, 739 (7th Cir. 2009). Plaintiff then appealed to this Court under 42 U.S.C. §§ 405(g) and 1383(c).

### III. LAW & ANALYSIS

Plaintiff brings only one challenge on appeal: Whether the ALJ erred by failing to include Plaintiff's moderate limitation in her ability to adapt or manage herself in the RFC assessment and the hypotheticals presented to the VE. Since the ALJ adequately incorporated Plaintiff's moderate limitation in the RFC assessment and the hypotheticals, this Court **AFFIRMS**.

#### A. Standard of Review

In reviewing the Social Security Administration's benefits decisions, the Court treats its findings as conclusive "so long as they are supported by 'substantial evidence.' " Beistek v. Berryhill, 139 S. Ct. 1148, 1152 (2019) (citing 42 U.S.C. § 405(g)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Schaaf v. Astrue, 602 F.3d 869, 874 (7th Cir. 2010) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). This only requires the Court to determine "whether the ALJ built an 'accurate and logical bridge' from the evidence to her conclusion that the claimant is not disabled." Simila v. Astrue, 573 F.3d 503, 513 (7th Cir. 2009) (quoting Craft v. Astrue, 539 F.3d 668, 673 (7th Cir. 2008)). The Court must "conduct a critical review of the evidence" without reweighing it or substituting its own judgment for that of the Social Security Administration. McKinzey v. Astrue, 641 F.3d 884, 889 (7th Cir. 2011). But regardless of the volume of evidence in support of the factual findings, reversal is required if the ALJ committed an error of law. Binion v. Chater, 108 F.3d 780, 782 (7th Cir. 1997).

#### B. The RFC Assessment Properly Accounted for Plaintiff's Moderate Limitation in Adapting or Managing Herself

Step 3 of the sequential evaluation requires the ALJ to assess the medical severity of an applicant's impairments. 20 C.F.R. § 404.1520(a)(4)(iii). Mental impairments fall into four functional areas: (1) understand, remember, or apply information; (2) interact with others; (3)

concentrate, persist, or maintain pace; and (4) adapt or manage oneself. Id. § 404.152a(c)(3). The ALJ must evaluate the applicant's "pertinent symptoms, signs, and laboratory findings to determine whether [she has] a medically determinable mental impairment(s)." Id. § 404.1520a(b). If so, the ALJ will then "rate the degree of functional limitation resulting from the impairment(s) . . . ." Id.

Steps 4 and 5 then require the ALJ to assess the applicant's RFC and determine whether she can still perform her past relevant work. Id. § 404.1520(a)(4)(iv). "[The] RFC represents the most that an individual can do despite his or her limitations or restrictions." SSR 96–8P, 1996 WL 374184, at *4 (July 2, 1996) (emphasis removed). The RFC assessment is more detailed than the assessment at Step 3, requiring the ALJ to evaluate "evidence of impairment that are not severe" and "analyze a claimant's impairments in combination." Arnett v. Astrue, 676 F.3d 586, 591–92 (7th Cir. 2012). But "it is proper to read the ALJ's decision as a whole, and . . . it would be a needless formality to have the ALJ repeat substantially similar factual analyses at both steps three and five." Rice v. Barnhart, 384 F.3d 363, 370 n.5 (7th Cir. 2004).

Plaintiff argues that the ALJ erred by not incorporating Plaintiff's moderate limitation in adapting or managing oneself in the RFC assessment. And the Commissioner contends that since the RFC requires a more detailed assessment, those limitations found at Step 3 need not be incorporated in the RFC. Indeed, the Tenth Circuit has held that a moderate limitation found at Step 3 "does not necessarily translate to a work-related functional limitation for the purposes of the RFC assessment." Vigil v. Colvin, 805 F.3d 1199, 1203 (10th Cir. 2015); see also Beasley v. Colvin, 520 Fed. App'x 748, 754 (10th Cir. 2013) ("The ALJ was under no obligation to include limitations in social functioning in Ms. Beasley's RFC based solely on his finding that she had 'moderate difficulties' in social functioning as part of the distinct step-three analysis.").

Although the Seventh Circuit has not directly weighed in on this issue, it considered a similar question in Jozefyk v. Berryhill, 923 F.3d 492, 497–98 (7th Cir. 2019). At Step 3, the ALJ determined that the claimant had moderate difficulties in social functioning and concentration, persistence, and pace. Id. at 495. His hypothetical to the VE, however, only appeared to accommodate for the claimant's limitation in social functioning. See id. Even though the ALJ did not explicitly discuss the plaintiff's limitation in concentration, persistence, and pace in the RFC assessment and hypothetical, the RFC assessment sufficiently evaluated the opinions of the agency's psychologists about the claimant's "moderate mental impairments." Id. at 496. The Seventh Circuit therefore held that the ALJ "considered all limitations supported by record evidence," "did not . . . discount the less severe impairments entirely," and "included accommodations for a 'mild mental functional impairment' in the RFC assessment." Id. at 497.

Similarly, the United States District Court for the Eastern District of Wisconsin in Ploense v. Colvin considered whether an ALJ erred when he found that an applicant had a moderate limitation in concentration, persistence, or pace but failed to incorporate that finding in the RFC assessment. 167 F. Supp. 3d 955, 965–70 (E.D. Wis. 2016). The ALJ tracked the language in Social Security Ruling 96–8P and concluded that the limitations identified at Step 3 do not constitute an RFC assessment. Id. at 967. After considering all the evidence, the ALJ determined that the moderate limitation in concentration, persistence, or pace "was not supported by objective medical evidence" and the applicant's testimony was "not entirely credible." Id. at 968. On appeal, the district court found that "not only did the ALJ not violate SSR 96–8p; he explicitly complied with it. For the ALJ to treat his step 3 findings . . . as an RFC assessment would have been a clear violation of the SSA's specific Ruling on the subject." Id. at 966–67. The court then turned to the

ALJ's RFC assessment and determined that it was supported by substantial evidence. See id. at 968–70.

Here, the RFC assessment explored Plaintiff's moderate limitation in adapting or managing herself. The ALJ afforded "great weight to the opinions of the State agency psychological consultants during periods of sustained sobriety," who found that Plaintiff "attended college, cared for her hygiene, cooked, cleaned, and had good relationships with her fiancé and her two children prior to her relapse of alcoholism." (SSA Decision 16). The ALJ then found that Plaintiff could "control her [anxiety, posttraumatic stress, and depression] and remain functional during her sobriety with no more than moderate social and mental limitations." (Id.). The ALJ also afforded "some weight" to her roommate's opinion "to the extent that is shows moderate limitations." (Id.).

The RFC assessment hinged on substantial evidence and adequately accounted for Plaintiff's moderate limitation in adapting or managing herself. At Step 3, the ALJ found that Plaintiff suffered from this moderate limitation *during periods of substance abuse*. And he ALJ did not, as Plaintiff contends, fail to articulate how this limitation was incorporated into the RFC assessment. The RFC assessment accounted for Plaintiff's limitations *if the substance abuse stopped*. After evaluating the opinions of Plaintiff's roommate and the State agency medical consultants, the ALJ determined that her impairment was not severe enough to preclude her from engaging in any work activity. This decision was supported by substantial evidence, and the ALJ did not commit legal error. Moreover, since the Step 3 findings found adequate expression in the RFC assessment, the Court need not decide whether ALJs *must* incorporate a limitation found at Step 3 into the RFC assessment (although Jozefyk suggests that they need not).

### C. The Hypotheticals Posed to the VE Properly Accounted for Plaintiff's Moderate Limitation in Adapting or Managing Herself

It is well-established in this Circuit "that the most effective way to ensure that the VE is apprised fully of the claimant's limitations is to include all of them directly in the hypothetical." O'Connor-Spinner v. Astrue, 627 F.3d 614, 619 (7th Cir. 2010).

> As a matter of form, the ALJ need not put the questions to the VE in specific terms—there is no magic words requirement. As a matter of substance, however, the ALJ must ensure that the VE is 'apprised fully of the claimant's limitations' so that the VE can exclude those jobs that the claimant would be unable to perform.

Crump v. Saul, 932 F.3d 567, 570 (7th Cir. 2019) (quoting Moreno v. Berryhill, 882 F.3d 722, 730 (7th Cir. 2018).

In Johansen v. Barnhart, 314 F.3d 283, 288–89 (7th Cir. 2002), the United States Court of Appeals for the Seventh Circuit considered whether an ALJ erred by not including three functional limitations in her hypothetical posed to the VE. The court "allowed the hypothetical . . . to stand despite its omissions because its description of 'repetitive, low-stress work' specifically excluded positions likely to trigger the panic disorder that formed the basis of the claimant's limitations in concentration, persistence, and pace." Yurt, 758 F.3d at 858; see Johansen, 314 F.3d at 288–89.

Here, the ALJ posed a hypothetical to the VE that asked him to consider a claimant that "would require unscheduled absences and unscheduled breaks at will on an unpredictable basis, and could not tolerate eight hours a day, five days a week." (SSA Decision 28). This qualification aligns with the ALJ's finding at Step 3 that (during period periods of substance abuse) she has "bad days when she sits at home and cries, unable to go out or do . . . basic activities." (Id. at 19). Although the ALJ did not explicitly ask the VE to consider a claimant with a moderate limitation in adapting or managing herself, the hypothetical adequately excluded positions that would be problematic considering Plaintiff's limitation. The VE then testified that a person so limited would

lack the functional capacity to sustain any employment. As discussed, however, the ALJ determined that Plaintiff limitation in adapting or managing herself was "no more than moderate," and his decision not to incorporate the VE's testimony in his final decision turned on substantial evidence.

## IV. CONCLUSION

The Court **AFFIRMS** the Social Security Administration's decision.

**IT IS SO ORDERED.**

**Dated: Monday, April 6, 2020**

<span style="margin-left:auto;">**S/J. Phil Gilbert**<br>**J. PHIL GILBERT**<br>**UNITED STATES DISTRICT JUDGE**</span>